IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH DEREK COLVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11CV293-SRW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff brought the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying him benefits under the Social Security Act. (Doc. # 1). This court entered judgment reversing the decision of the Commissioner and remanded the case for further proceedings pursuant to sentence four of § 405(g). (Doc. # 17). This court previously awarded plaintiff fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $3,195.91 (Doc. # 21).

This action is presently before the court on the plaintiff's counsel's petition, pursuant to 42 U.S.C. § 406(b), for authorization to charge her client the amount of $12,029.22 for 17.7 hours of work performed in prosecuting plaintiff's appeal before this court.[1] The

---

[1] 42 U.S.C. 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and

Commissioner responds that, while she does not generally take a position on § 406(b) fee requests, she will notify the court if it appears that a fee agreement or petition conflicts with the statute or case law; she notes no such concern in the present case.  (Doc. # 27).

The contingency fee agreement between plaintiff and his attorney provides, in part, that:

> In the event of a favorable determination before the Social Security Administration at the Appeals Council level; or at the ALJ hearing level after a decision by the Appeals Council or Federal Court; **or if a Federal Court favorably decides my case, the $5,300.00 limitation shall not apply and the fee shall be 25% of all past-due benefits payable to me and my family.**

(Exhibit A to Doc. # 25 at ¶ B)(emphasis in original).  Plaintiff's counsel's petition does not indicate whether the favorable decision on plaintiff's claim was rendered by Appeals Council itself or "at the ALJ hearing level" upon remand from the Appeals Council.  However, in either event, the agreement provides for an attorney fee in the amount of twenty-five percent of past due benefits under the first clause of paragraph B of the fee agreement, if the Appeals Council issued the favorable decision (with or without further remand to an ALJ), or under the second clause, if an ALJ issued favorable decision.

---

allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court examined the issue of attorney's fees sought in connection with contingency fee agreements in Social Security disability cases.  The Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court.  Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. at 807.  The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered."  Id.

The amount that counsel asks the court to approve ($12,029.22) is the balance of twenty-five percent of plaintiff's past-due benefits ($88,116.90),[2] after deducting the $10,000.00 fee that plaintiff's counsel has asked the Commissioner to authorize for work performed at the administrative level.[3]  Counsel argues that she "has spent a total of 67.80 hours over a period of 77 months representing the plaintiff in connection with [his] claim for Social Security Disability Benefits."  (Doc. # 25, ¶ 4).  As counsel further notes, however, only 17.7 hours of the total hours were spent on work before this court.  (Id.).[4]

---

[2]  See Exhibit C to Petition (Doc. # 25-3).

[3]  See Doc. # 25, ¶ 5.

[4]  Plaintiff's counsel seeks fees for time she spent on June 14, 2012 receiving and reviewing the "U.S. Attorney's Motion for Entry of Judgment under Sentence Four" and an order and memorandum opinion granting such motion.  (Doc. # 25-2, Exhibit B to petition).  The Commissioner filed no such motion.  However, this court's memorandum opinion and judgment reversing the Commissioner's decision issued on that date.  Thus, despite counsel's erroneous description of the service performed, the court concludes that counsel actually worked on this case on June 14, 2012, for the length of time reflected in Exhibit B.

Plaintiff's counsel, who bears the burden of establishing the reasonableness of the requested fee, relies on orders issued by Judge Guin in the Northern District of Alabama authorizing the maximum fee permitted under the statute. In all of these cases, Judge Guin relied, in part, on the high quality of the work in the case before him. However, to the extent that these orders also reflect the view that a 25% contingency fee is *always* reasonable in Social Security appeals,[5] the court cannot agree; Gisbrecht instructs that the court is to review the fee resulting from a contingent fee agreement for reasonableness, based on the facts of the particular case before it. See Gisbrecht, 535 U.S. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). The Supreme Court observed that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." Id.

Upon review of this court's record, including the brief that counsel filed in support of plaintiff's claim, the court finds that counsel has failed to carry her burden of showing that the requested fee is reasonable. In light of the presentation of the issues in this particular action, and the amount of time spent in prosecuting plaintiff's appeal to this court, the court

---

[5] See Doc. # 25-4, p. 3 (observing that no fee is awarded in a large number of social security appeals in which the Commissioner's decision is affirmed, that the plaintiff in the case before Judge Guin probably would not have received past due benefits "without adequate legal representation at the District Court level," and stating, "Ensuring the availability of adequate legal representation is one of the primary reasons for the contingent fee system in social security cases. In the absence of contingent fee agreements, and awards by the courts based on those agreements, most claimants would find it impossible to obtain competent legal representation. This is a strong reason for finding the requested fee reasonable. But the best reason is that the 25 percent contingent fee agreement is the only prevailing fee.").

finds that a downward adjustment of the fee from $12,029.22 to the amount of $9,500.00 renders an award that largely preserves the benefit of counsel's contingent fee agreement with her client and compensates her reasonably for her work.[6]

Accordingly, it is

ORDERED, pursuant to 42 U.S.C. § 406(b), that counsel's petition (Doc. # 25) is GRANTED to the extent that counsel is authorized to charge her client the amount of $9,500.00 in attorney's fees for the 17.7 hours of work performed before the court.

It is further ORDERED that plaintiff's counsel is DIRECTED to take the steps necessary to ensure that plaintiff is credited or refunded the amount of $3,195.91, the amount of the fees previously awarded to plaintiff pursuant to the Equal Access to Justice Act.

DONE, this 2nd day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[6] Assuming that the Commissioner authorizes plaintiff's counsel to charge her client $10,000 for the 50.1 hours of work expended at the administrative level, the total fee would amount to more than twenty two percent of plaintiff's past due benefits. The fee authorized for work in this court equates to compensation at an hourly rate of $536.72, approximately three times the maximum hourly rate available under the EAJA for the same work. (See Doc. # 20, pp. 3-4).